UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LLOYD GARCIA,

                Plaintiff,

-- against --

CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER LEWIS of the 113TH PRECINCT, AND "JOHN DOES 1- 4", persons employed by NEW YORK CITY POLICE DEPARTMENT,

                Defendants.

---

Civil Action: _____

COMPLAINT

Jury Trial Demanded

## INTRODUCTION

LLOYD GARCIA, OF New York hereby asserts the following claims against the defendants in the above entitled action:

1. Violation of 42 U.S.C. 1983: Excessive force;

2. Violation of 42 U.S.C. 1983: False arrest;

3. Violation of 42 U.S.C. 1983: failure to intervene;

4. False arrest and imprisonment;

5. Assault and Battery;

6. Intentional infliction of emotional distress;

7. Malicious Prosecution;

8. Negligence.

## PRELIMINARY STATEMENT

This is an action in which Plaintiff LLOYD GARCIA (hereinafter Plaintiff) seek damages to redress the deprivation, under color of state law, of rights secured to Plaintiff under the Fourth,

Fifth, and Fourteenth Amendments of the United States Constitution. Defendants allegedly recovered a quantity of a controlled substance from Claimant's residence on or about August 3, 2016 approximately at 6:00 a.m. Plaintiff went to the 113th Precinct to answer to the allegations, where Plaintiff was placed under arrest. The Defendants commenced a prosecution against Plaintiff without probable cause or justification, causing Plaintiff to be incarcerated for a period in excess of twelve (12) days. Said prosecution was instituted with malice and bad faith and deliberate indifference to Plaintiff's rights. Despite Defendants' lack or probable cause to arrest Plaintiff, Defendants maliciously continued a criminal prosecution against Plaintiff under Docket No.: 2016QN035188. On October 5, 2016, the case was dismissed

## PARTIES

1. That at all pertinent times, Plaintiff was and is a resident of County of Queens, New York.

2. That at all pertinent times, Defendant City of New York (hereinafter "CITY") was and is a municipal corporation incorporated under the laws of New York State.

3. That at all pertinent times, Defendant New York City Police Department (hereinafter "NYPD") was and is an agency of Defendant CITY.

4. That at all pertinent times, Defendant Lewis (hereinafter "Lewis") is and was an employee of Defendant NYPD.

6. That at all pertinent times, Defendants "John Does 1-4" (hereinafter the "Officers") were and are employees of Defendant NYPD.

7. That at all pertinent times, Defendants Lewis and Officers were and are employees of Defendant CITY.

8. That at all pertinent times, Defendant CITY operated, and presently operates Defendant NYPD.

9. That at all pertinent times, Defendant CITY controlled, and presently controls Defendant NYPD.

10. That at all pertinent times, Defendant CITY managed, and presently manages Defendant NYPD.

11. Plaintiff filed a Notice of Claim (*see* Exhibit "A" annexed hereto) in accordance with General Municipal Law Sections 50(e) and (I) on or about October 26, 2016. The Notice of Claim set forth the name and address of Plaintiff, his attorneys, the nature of the claim, the time and place where it arose, and the items and amounts of damages claimed.

12. At least thirty (30) days has passed since service of the Notice of Claim, and payment of the claim has been either refused or neglected.

13. A hearing was conducted pursuant to General Municipal Law Section 50(h) on or about December 28, 2016.

14. This action is being commenced within one year and ninety days of the incident which gives rise to the action.

15. On about August 3, 2016 at or near the premises known 167-02 Baisley Blvd, Jamaica, Queens County, City and State of New York at approximately 12:00p.m., the Claimant was arrested without probable cause.

16. Upon in information and belief, Defendants allegedly recovered a quantity of a controlled substance from Claimant's residence on or about August 3, 2016 approximately at 6:00 a.m.

17. Plaintiff went to the 113th Precinct to answer to the allegations, where Claimant was placed under arrest.

18. While in the custody of Defendants, Plaintiff was assaulted and battered by Defendants by no fault of his own.

19. Plaintiff was punched, kicked and battered by Defendants resulting in the loss of a tooth.

20. The Defendants commenced a prosecution against Plaintiff without probable cause or justification, causing Plaintiff to be incarcerated for a period in excess of twelve (12) days.

21. Due to the illegal detention of Plaintiff by Defendants, Plaintiff loss income and benefits as he was fully employed at the time of incident.

22. Said prosecution was instituted with malice and bad faith and deliberate indifference to Plaintiff's rights.

23. Despite Defendants' lack or probable cause to arrest Claimant, Defendants maliciously continued a criminal prosecution against Claimant under Docket No.: 2016QN035188.

24. On October 5, 2016, the case was dismissed, sealed and Plaintiff was exonerated of all wrong doing.

25. As a result of Defendants' actions, Plaintiff was caused to suffer significant, severe, painful and permanent personal injuries, physical injuries, psychological and emotional suffering, humiliation and embarrassment, all of which continue until this day.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 Excessive Force**

26. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

27. By reason of the foregoing, by assaulting, battering and using gratuitous, excessive, brutal, sadistic, and unconscionable force on Plaintiff, Defendants deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of the United States, secured by 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution to be free from gratuitous and excessive force.

28. Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their employment as NYPD Officers. Said acts by the Defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers.

29. Defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

30. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SECOND AND THIRD CAUSES OF ACTION:
### 42 U.S.C. § 1983-Failure to Intervene and False Arrest

31. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 30 of this complaint as though fully set forth herein.

32. Defendants Lewis and Officers witnessed the attack on Plaintiff and failed to intervene in order to protect Plaintiff from continued physical harm.

33. Defendants attempted to detain Plaintiff without requisite probable cause.

34. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

35. Consequently, Plaintiff have been damaged and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR FALSE ARREST AND IMPRISONMENT

36. The allegations set forth in paragraphs "1" through "35" inclusive are incorporated herein as if fully set forth.

37. Officers intended to cause the arrest, seizure and imprisonment of Plaintiff without a lawful warrant and without probable cause.

38. Defendants knew, or should have known, that the conduct engaged in would result in the false imprisonment of Plaintiff.

39. Plaintiff was aware of such confinement and did not consent to said confinement.

40. In verbally and physically resisting Defendants' acts described above, Plaintiff did not consent to Defendants' confinement of him.

41. The aforementioned confinement was not privileged in any way and was without legal justification.

42. Defendants CITY and NYPD are responsible and liable for the acts of Defendants Lewis, and Officers done within the scope of their employment under the doctrine of *respondeat superior*.

43. As a direct and proximate cause of Defendants' false arrest and seizure of Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

44. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR ASSAULT AND BATTERY

45. The allegations set forth in paragraphs "1" through "44" inclusive are incorporated herein as if fully set forth.

46. On or about August 3, 2016, at or near 167-02 Baisley Boulevard, Jamaica, County of Queens, City and State of New York at approximately 12:00PM, Defendants Lewis, and Officers intended to make bodily contact with Plaintiff.

47. Plaintiff was aware of such bodily contact and did not consent to said bodily contact.

48. The aforesaid bodily contact by Lewis, and Officers against Plaintiff was offensive to Plaintiff.

49. Defendants CITY and NYPD are responsible and liable for the acts of the Defendants Lewis, and Officers done within the scope of their employment under the doctrine of *respondeat superior*.

50. As a result of Defendants' actions, Plaintiff was caused to suffer significant, severe, painful and permanent personal injuries, physical injuries, psychological and emotional

suffering, humiliation and embarrassment, all of which continue until this day in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

51. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders Defendants liable to Plaintiff for punitive damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTION DISTRESS

52. The allegations set forth in paragraphs "1" through "51" inclusive are incorporated herein as if fully set forth.

53. That Defendants Lewis, and Officers intended to make offensive, bodily contact with Plaintiff.

54. Defendants Lewis, and Officers did in fact make offensive, bodily contact with Plaintiff.

55. Said offensive, bodily contact was extreme and outrageous, which exceeded all bounds usually tolerated by a decent society.

56. Such extreme and outrageous conduct caused Plaintiff to suffer severe and debilitating mental anguish which had a disabling effect on Plaintiff.

57. Defendants NYC and NYPD are responsible for and liable for the acts of Defendants Lewis, and Officers done within the scope of their employment through the doctrine of *respondeat superior*.

58. As a direct and proximate cause of Defendants' intentional infliction of emotional distress of Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation, and further pecuniary damages and legal costs, all to the Plaintiff's damages in the amount which exceeds the jurisdictional limitations of the courts and in an amount to be determined at a trial of this action.

59. That the conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiff for punitive damages.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### FOR NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION

60. The allegations set forth in paragraphs "1" through "59" inclusive are incorporated herein as if fully set forth.

61. That Defendants CITY and NYPD failed to exercise reasonable care in hiring Officers; therefore, breaching their duty to Plaintiff as well as to the public to exercise reasonable care in their hiring of employees.

62. That Defendants CITY and NYPD should have known of the propensity of the Officers to commit injurious acts.

63. That Defendants CITY and NYPD were negligent in failing to properly train and supervise its employees, more specifically Defendants Lewis, and the Officers.

64. Defendants CITY and NYPD are responsible and liable for the acts of Defendants Lewis, and the Officers done within the scope of their employment under the doctrine of *respondeat superior*.

65. As a result of Defendants' actions, Plaintiff was caused to suffer significant, severe, painful and permanent personal injuries, physical injuries, psychological and emotional suffering, humiliation and embarrassment, all of which continue until this day in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

66. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiff for punitive damages.

### AS AND FOR A EIGHT CAUSE OF ACTION
### FOR MALICIOUS PROSECUTION

67. The allegations set forth in paragraphs "1" through "66" inclusive are incorporated herein as if fully set forth.

68. That Defendants arrested Plaintiff and initiated criminal proceedings despite the knowledge that Plaintiff had committed no crime. Said prosecution was instituted and continued with malice and bad faith and deliberate indifference to Plaintiff's rights.

69. That said malicious prosecution was terminated in favor of Plaintiff with all charges against Plaintiff being dismissed.

70. That there was no probable cause for the aforesaid arrest and criminal proceedings.

71. As a direct and proximate cause of the Defendants' malicious prosecution of Plaintiff, Plaintiff was caused to suffer great pain and mental anguish, great humiliation, and further pecuniary damages and legal costs in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

72. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiff for punitive damages.

### AS AND FOR A NINTH CAUSE OF ACTION
### FOR NEGLIGENCE

73. The allegations set forth in paragraphs "1" through "72" inclusive are incorporated herein as if fully set forth.

74. Defendants' actions in causing the aforesaid assault, battery, arrest, seizure, imprisonment and malicious prosecution of Plaintiff were in breach of the duty of due care owed to Plaintiff. Defendants Lewis, and Officers acted negligently and in disregard for the procedures and safeguards, which are the standard for the arrest and lawful stop of a citizen, in arresting Plaintiff in the absence of reasonable suspicion or probable cause. Defendants Lewis, and Officers further breached their duty of care to investigate before affecting the stop and seizure of a citizen and in their continued prosecution of Plaintiff.

75. That Defendants CITY and NYPD are responsible and liable for the acts of the Defendants Lewis, and Officers done within the scope of their employment under the doctrine of *respondeat superior*.

76. As a direct and proximate cause of Defendants' negligence, Plaintiff was caused to suffer significant, severe, painful and permanent personal injuries, physical injuries, psychological and emotional suffering, humiliation and embarrassment, all of which continue until this day in an amount that exceeds the jurisdictional limitation of all lower courts and in an amount to be determined at a trial of this action.

77. The conduct of Defendants set forth above and complained of herein exhibited such a high degree of moral culpability that it renders the Defendants liable to Plaintiff for punitive damages.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of wages, loss of employment advancement/promotion, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiffs have further experienced severe emotional and physical distress and loss of love, services, consortium, affection, society and companionship.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered:

1. Awarding Plaintiffs compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiffs interest from August 3, 2016;

4. Awarding Plaintiffs reasonable attorney's fees pursuant to 42 USC § 1988;

5. Judgment against all Defendants individually and collectively, on all causes of action, in an amount which exceeds the jurisdiction limitations of all lower courts and in an amount to be determined at the trial of this action, together with all costs and interest; and;

6. Granting such other and further relief as to this Court deems proper.

Dated: October 17, 2017
      New York, New York

                                                             _____/s/_____

                                            Michael A. Delakas, Esq.
                                            Attorneys for Plaintiff
                                            LLOYD GARCIA
                                            245 Fifth Avenue, Ste. 1902
                                            New York, New York 10016
                                            (212) 321-0349

To:
CITY OF NEW YORK,
100 Church Street
New York, New York 10007

NEW YORK CITY POLICE DEPARTMENT
1 Police Plaza
New York, New York 10038

POLICE OFFICER LEWIS
113TH Precinct
167-02 Baisley Blvd
Jamaica, New York 11434


NEW YORK CITY POLICE OFFICERS "JOHN DOES "1- 4", PERSONS EMPLOYED BY NEW YORK CITY POLICE DEPARTMENT
113TH Precinct
167-02 Baisley Blvd
Jamaica, New York 11434

<u>VERIFICATION</u>

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

 Michael A. Delakas, the undersigned, am an attorney duly admitted to practice law in this State and the Federal Courts of the Eastern District of New York, and affirm the following to be true under penalty of perjury:

 I am a member of Michael A. Delakas, PC, the trial attorneys for the attorney of record for the Plaintiff.

 I have read the foregoing COMPLAINT, and know the allegations of fact stated therein, that the stated allegations of fact are true to my own knowledge except as to those allegations stated to be on information and belief, and as to those matters, I believe them to be true.

 The reason I make this verification instead of the Plaintiff is that Plaintiff is not presently within the county where Michael A. Delakas, PC. maintains its offices.

Dated: New York, New York
   October 17, 2017

             _____/s/_____
               Michael A. Delakas, Esq.