UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LLOYD GARCIA,

                                   Plaintiff,

          -against-

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
OFFICER LEWIS
POLICE OFFICER JOHN DOES 1–4,

                                   Defendants.
-----------------------------------------------------------------X

*this report and recommendation is accepted by the court; plaintiff has not timely appealed. So ordered Jed Weinstein 8/27/19*

**REPORT AND
RECOMMENDATION**
17-CV-6068-JBW-SJB

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  SEP 0 5 2019  ★

BROOKLYN OFFICE

**BULSARA, United States Magistrate Judge:**

Plaintiff Lloyd Garcia ("Garcia") brought this action against the City of New York, the New York City Police Department, Officer Lewis, and Police Officer John Does 1 through 4 (collectively, "Defendants") on October 17, 2017 alleging violations of 42 U.S.C § 1983 ("§ 1983") and state law.  (Compl. dated Oct. 17, 2017, Dkt. No. 1).  Garcia proceeded *pro se* after his attorney moved to withdraw and this Court granted the motion on September 11, 2018.  (*See* Mot. to Withdraw as Att'y dated Aug. 23, 2018, Dkt. No. 17; Order granting Mot. to Withdraw as Att'y dated Sept. 11, 2018).  Since that time, Garcia has failed to comply with repeated Court orders.  (*See* Order to Show Cause dated Dec. 13, 2018; Scheduling Order dated Dec. 13, 2018).  Defendants filed a motion to dismiss for lack of prosecution after Garcia took no action in the case for almost four months.  (Mot. to Dismiss ("Mot.") dated Jan. 7, 2019, Dkt. No. 22).  The Honorable Jack B. Weinstein referred the motion to the undersigned for a report and recommendation.  The Court recommends granting Defendants' motion and dismissing Garcia's claims with prejudice for two reasons: (1) failure to abide by this Court's Orders; and (2) failure to prosecute.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Garcia, represented by counsel Michael A. Delakas, commenced this suit on October 17, 2017, alleging violations of § 1983 and state law by Defendants.  Garcia alleged that Defendants had subjected him to excessive force, false arrest and imprisonment, assault and battery, intentional infliction of emotion distress, and malicious prosecution, among other violations of federal and state law.  (Compl. at 1). The Complaint stems from Garcia's arrest after the Defendants allegedly recovered a controlled substance at Garcia's residence.  (Id. ¶¶ 16–17).  While in custody, Garcia claimed he was assaulted by Defendants.  (Id. ¶¶ 18–19).  He also alleged that Defendants prosecuted him without probable cause, resulting in his incarceration for 12 days.  (Id. ¶ 20).

The case proceeded through discovery, and on August 23, 2018, Garcia's counsel moved to withdraw.  (Mot. to Withdraw as Att'y dated Aug. 23, 2018, Dkt. No. 17).  The Court held a hearing on the motion to withdraw on September 11, 2018.  (Min. Entry dated Sept. 11, 2018).  At the hearing, the Court granted the motion and gave Garcia until November 9 to obtain new counsel and have that counsel make an appearance in the case.  (Order dated Sept. 11, 2018).  The Court also ruled that "[i]f no appearance from new counsel is filed, Plaintiff will be proceeding *pro se*."  (Id.).

Since that time, Garcia has not contacted the Court.  A status conference was scheduled for December 12, 2018, at which Garcia failed to appear.  He then failed to respond to the Court's order to show cause, which directed him to write a letter explaining why he did not attend the conference.  (Order to Show Cause dated Dec. 13, 2018, Dkt. No. 20).  The Court scheduled another status conference for February 5, 2019, at which Garcia was directed to appear.  (Scheduling Order dated Dec. 13, 2018).

Garcia was warned that "[i]f he fails to appear, the Court may be forced to impose a sanction[,] which could include dismissal of his case." (Order to Show Cause, Dkt. No. 20, at 1).

Before the February conference, counsel for Defendants moved to dismiss the case for lack of prosecution. (Mot. to Dismiss for Lack of Prosecution ("Mot."), dated Jan. 7, 2019). The motion to dismiss was served on Garcia at his address in Jamaica, New York, (Decl. of Service dated Jan. 17, 2019, Dkt. No. 23), which is the address he provided the Court. In the motion, counsel for the Defendants stated that "[f]or nearly four months, plaintiff Lloyd Garcia . . . has indicated no desire to proceed forward. . . . The Court has already granted plaintiff several opportunities to inform the Court of his intentions[,] but plaintiff remains unresponsive." (Mot. at 2). Garcia did not respond to the motion. And he did not appear at the February 5 conference.

After Garcia failed to appear at the February conference, the Court indicated in an order that it would recommend dismissing the case. (Order dated Feb. 5, 2019 ("The Court will issue a Report & Recommendation in short order recommending dismissal of this action for, among other things, failing to obey repeated court orders.")). A copy of the docket sheet reflecting the Court's order was mailed to Garcia's address in Queens. Garcia never responded to this order, and he never opposed the Defendants' motion to dismiss.

As of the date of this report and recommendation, Garcia has not filed a letter with the Court, nor has any attorney appeared on his behalf.

DISCUSSION

I.   Dismissal with Prejudice under Rules 16(f) and 37(b)

"A court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant . . . for disobeying the court's orders[.]" *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002). "The imposition of sanctions pursuant to Rule 37 (and . . . Rule 16(f)) is a matter committed to the sound discretion of the District Court." *Neufeld v. Neufeld*, 172 F.R.D. 115, 118 (S.D.N.Y. 1997). The purpose of such sanctions, including dismissal, is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49-50 (2d Cir. 1994) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). The Court recommends that Garcia's claims be dismissed with prejudice because he has repeatedly failed to appear at pretrial conferences and failed to comply with multiple Court orders.

Rule 16(f) of the Federal Rules of Civil Procedure provides that a "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(A) & (C). Rule 37(b) provides that a court may issue sanctions if a party "fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A), while Rule 16(f) provides that a court may issue sanctions if a party "fails to appear at a scheduling or other pretrial conference" or "fails to obey a scheduling or other pretrial order," Fed. R. Civ. P. 16(f)(1)(A) & (C). Here, Garcia failed to appear at two pretrial conferences and failed to obey three Court orders. First, he failed to appear at the status conference scheduled for December 12, 2018,

4

despite being notified, thereby missing a conference and disobeying the Court's order to appear. (*See* Scheduling Order dated Sept. 11, 2018); Garcia then failed to show cause why he did not appear for that conference, despite being mailed a copy of the Order to Show Cause. (*See* Order to Show Cause dated Dec. 13, 2018). Lastly, he failed to appear at the status conference scheduled for February 5, 2019, (Scheduling Order dated Dec. 13, 2018), thereby missing a second conference and disobeying another Court order to appear in person, (Order dated Feb. 5, 2019). These repeated failures warrant sanctions under both Rule 16(f)(1)(A) (failure to appear at a scheduling or other pretrial conference) and 16(f)(1)(C) (failure to obey a scheduling or other pretrial order). *See, e.g., Johnson v. New York City*, No. 14-CV-4278, 2015 WL 12999661, at *1 (E.D.N.Y. Jan. 12, 2015) (recommending dismissal under Rules 16(f) and 37(b)(2)(A)(v) for lateness and failure to appear at two Court-ordered conferences), *report and recommendation adopted*, 2015 WL 12990999 (Feb. 2, 2015), *aff'd*, 646 F. App'x 106 (2d Cir. 2016).

As stated above, Rule 16(f) adopts the sanctions authorized by Rule 37(b)(2)(A)(ii)–(vii), including "dismiss[al of] the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v); *see* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery."); *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 55 (S.D.N.Y. 1997) (collecting cases) ("[T]he standards to be applied in imposing sanctions under Rule 16 are identical to the familiar standards contained in Rule 37."). Such a dismissal may be with prejudice. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants . . . have an obligation to comply with court orders, and failure to comply may result in sanctions, including dismissal with

prejudice.") (citations and quotations omitted) (emphasis added).[1] "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Id.* (quotations omitted).

The Court considers several factors in determining whether to impose a sanction of dismissal with prejudice: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (quotations omitted); *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (same). "[T]hese factors are not exclusive, and they need not each be resolved against" the non-compliant party for dismissal to be appropriate, *S. New England Tel. Co.*, 624 F.3d at 144. Ultimately, the Court must conclude under all of the circumstances whether dismissal would be "just." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007). "[T]he district court 'is free to consider the full record in the case'" in making this determination. *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 308

---

[1] *Pro se* litigants are afforded some leeway in litigation; however, "[t]he sanction of dismissal 'may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal.'" *Johnson*, 2015 WL 12999661, at *1 (quoting *Valentine*, 29 F.3d at 49); *see Agiwal*, 555 F.3d at 302 ("*Pro se* litigants, though generally entitled to special solicitude before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders.") (citations and quotations omitted). Here, Garcia has been *pro se* since November 9, 2018. (*See* Order dated Sept. 11, 2018). Although his noncompliance has occurred while he was *pro se*, Garcia's claims should still be dismissed because he has not given this Court any indication that he intends to cure his failures to obey court orders or prosecute his case.

F.R.D. 113, 120 (S.D.N.Y. 2015) (quoting *S. New England Tel. Co.*, 624 F.3d at 144). The balance of factors here justifies the dismissal with prejudice of Garcia's claims.

      A.    <u>Willfulness</u>

      Noncompliance is willful where the party has received notice of a court's orders and repeatedly fails to comply. *See Coach Inc. v. O'Brien*, No. 10-CV-6071, 2011 WL 6122265, at *3 (S.D.N.Y. Nov. 28, 2011) ("The Court deems the noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply."), *report and recommendation adopted and modified on other grounds*, 2012 WL 1255276 (Apr. 13, 2012). "[T]his factor as formulated by the Second Circuit is not just willfulness, but the willfulness of the non-compliant party *or the reason for non-compliance. . . .* [T]he Second Circuit's inclusion of the latter phrase recognizes that dismissal may be warranted even in the absence of such open defiance." *Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642, 2019 WL 360099, at *5 (E.D.N.Y. Jan. 11, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 356939 (Jan. 29, 2019).

      Garcia failed to comply with three court orders and to appear at two conferences: (1) to appear at the status conference scheduled for December 12, 2018, (Scheduling Order dated Sept. 11, 2018); (2) to show cause why he did not appear for that conference, (Order to Show Cause dated Dec. 13, 2018); and (3) to appear at the status conference scheduled for February 5, 2019, (Scheduling Order dated Dec. 13, 2018). During each of these failures, Garcia was served with a copy of the Court's order via first class mail at his home address. (Entry dated Dec. 13, 2018 (staff notes indicating docket sheet reflecting the Order to Show Cause and Scheduling Order was mailed to Garcia's Jamaica address); Entry dated Feb. 6, 2019 (staff notes indicating docket sheet

reflecting February Order was mailed to Garcia at his Jamaica address)). As such, he was aware of the obligations to comply, and his failure to do so is willful. *See, e.g., Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3193, 2018 WL 3104456, at *8 (E.D.N.Y. May 16, 2018) ("Having received these multiple notices, Rosemarie Lopa had other options besides appearing or responding as directed. She could have written to the Court seeking an adjournment or extension of time to respond; or retained counsel, as she had previously done, to appear or respond on her behalf. Having done none of these things and having failed to appear or respond personally, the only conclusion to be drawn is that her disregard of the Court's orders was willful."), *report and recommendation adopted*, 2018 WL 3019875 (June 18, 2018) and 2018 WL 3094940 (June 22, 2018); *Coach Inc.*, 2011 WL 6122265, at *3 ("The Court deems noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply.").

B.     Efficacy of Lesser Sanctions

A sanction less than dismissal would not be effective in this case. When it is apparent a plaintiff has abandoned the action, "[t]he Court need not afford [him] unlimited opportunities to appear," and "[n]o lesser sanction than dismissal is appropriate under these circumstances." *Bey v. Gursky*, No. 17-CV-6447, 2018 WL 1611665, at *2 (E.D.N.Y. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1611377 (Apr. 3, 2018).

The record allows for no reason to believe that a lesser sanction, such as a monetary fine or a sanction short of dismissal, would encourage Garcia to reengage in this litigation, especially given the repeated failure to abide by prior Court orders warning that his case could be dismissed should he fail to appear. It has been over

seven months since the Court warned Garcia that dismissal was a possibility. (*See* Order to Show Cause dated Dec. 13, 2018, Dkt. No. 20). At this point, having been afforded multiple opportunities to participate in the case, the Court has no reason to believe any sanction other than dismissal is appropriate. *See, e.g., Adams v. City of New York,* No. 17-CV-1465, 2018 WL 1157976, at *3 (S.D.N.Y. Mar. 2, 2018) ("The Court has considered whether a lesser sanction is appropriate, and concludes—in light of Mr. Adams' demonstrated disinterest in prosecuting this case and the time he has wasted of both the defendants and the Court—that it is not."); *Dungan v. Donahue,* No. 12-CV-5139, 2014 WL 2941240, at *4 (E.D.N.Y. June 30, 2014) (adopting report and recommendation) ("[I]n light of plaintiff's ongoing unresponsiveness to the Court, no sanctions other than dismissal would be effective. The record presents no reason to believe that a monetary fine or other sanction short of dismissal would inspire in plaintiff the dedication to this litigation that he currently lacks[.] . . . This case therefore presents an example of extreme circumstances warranting the harsh remedy of dismissal[.]"); *Gordon v. Peralta,* No. 10-CV-5148, 2012 WL 2530578, at *2 (E.D.N.Y. June 11, 2012) ("[T]he Court has tried the lesser sanction of . . . warning [plaintiff] of possible dismissal to no avail. Requiring defendant's counsel to appear again or imposing lesser sanctions on plaintiff would be futile at this juncture.") (citations and quotations omitted), *report and recommendation adopted,* 2012 WL 2530106 (June 29, 2012).

C.    Duration

The duration of Garcia's noncompliance warrants dismissal. "[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions." *Local Union No. 40 of the Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Car-Win Constr.,* 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) (collecting cases)

9

(adopting report and recommendation).  "[P]eriods of six months or more weigh even more heavily toward such remedies." *Id.* at 266 (collecting cases).

Garcia has failed to comply with Court orders since December 2018, beginning with his failure to appear at the December 12 conference.  This is more than seven months ago.  This extended period of non-compliance is sufficient to warrant dismissal.  *See, e.g., Agiwal*, 555 F.3d at 303 (affirming dismissal sanction where disregard of magistrate judge's orders spanned approximately six months); *Rodriguez v. Oak Room*, No. 12-CV-2921, 2012 WL 5305551, at *2 (S.D.N.Y. Oct. 23, 2012) (dismissing after period of non-compliance of "more than five months").

D.    Notice

Garcia has received sufficient notice to justify dismissal of his claims.  "[T]he Second Circuit has repeatedly upheld dismissal as an appropriate sanction where the non-compliant parties were warned of the possibility." *Local Union No. 40*, 88 F. Supp. 3d at 266 (quotations omitted).  Garcia was warned two separate times that failure to appear could result in dismissal.  Garcia was warned in the Court's December 13 Order to Show Cause that if he failed to appear at the next status conference "the Court may be forced to impose a sanction[,] which could include dismissal of his case." (Order to Show Cause, Dkt. No. 20, at 1).  He was again warned in the Court's February 5 Order that his failure to appear at the conference would result in a "Report & Recommendation . . . recommending dismissal of this action for, among other things, failing to obey repeated court orders." (Order dated Feb. 5, 2019).  This notice, which

was served on him at his listed address, is sufficient to permit dismissal.[2] *See, e.g.*,
*Agiwal*, 555 F.3d at 303 (Plaintiff "defied all of [the Magistrate Judge's] orders, each of
which warned of the possibility of sanctions, including dismissal."); *Cadet v. ADP, Inc.*,
No. 11-CV-3240, 2013 WL 6058918, at *8 (E.D.N.Y. Nov. 14, 2013) (adopting report and
recommendation) ("Plaintiff has been explicitly warned . . . that his case would be
dismissed if he failed to appear for court conferences."); *Martin v. Metro. Museum of
Art*, 158 F.R.D. 289, 292–93 (S.D.N.Y. 1994) (adopting report and recommendation)
(finding it "clear," after one warning by the court, that "plaintiff received adequate
notice that his failure [to comply with a court order] would result in dismissal").

All four factors discussed above, therefore, warrant dismissal with prejudice of
Garcia's claims, pursuant to Rule 37(b)(2)(A)(v), for his violations of Rules 16(f)(1)(A)
and 16(f)(1)(C).

II. <u>Dismissal with Prejudice for Failure to Prosecute</u>

There is a separate basis to dismiss Garcia's claims—his failure to prosecute his
case against Defendants. Defendants have moved to dismiss Garcia's claims pursuant to
Rule 41(b), (Mot. at 2), which provides that "a defendant may move to dismiss the action
or any claim against it" "[i]f the plaintiff fails to prosecute or to comply with [the Federal
Rules] or a court order," Fed. R. Civ. P. 41(b). "A dismissal for failure to prosecute is
committed to the court's sound discretion," and such a dismissal may be with prejudice.

---

[2] That Garcia may have moved, without providing any forwarding address or
means of contact, does not entitle him to continue with his case. "It is plaintiff's
obligation to notify the Court of any change in address." *Gordon*, 2012 WL 2530578, at
*2; *see, e.g., Islam v. Athlete's Needs, Inc.*, No. 18-CV-1562, 2018 WL 5781228, at *1
(E.D.N.Y. Sept. 5, 2018) (finding the warning adequate to justify dismissal when order
was sent to plaintiff and never returned as undelivered), *report and recommendation
adopted*, 2018 WL 5777020 (Nov. 1, 2018).

*Jin Fang Luo*, 2019 WL 360099, at \*2; *see, e.g.*, *Kaur v. Royal Arcadia Palace, Inc.*, No.

05-CV-4725, 2007 WL 4276837, at \*3 (E.D.N.Y. Nov. 30, 2007) (adopting report and

recommendation) (dismissing plaintiff's claims with prejudice under Rule 41(b)).

Courts in this Circuit consider five factors when deciding whether to grant a

defendant's motion to dismiss under Rule 41(b) for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2)
> whether plaintiff was on notice that failure to comply would result in
> dismissal, (3) whether the defendants are likely to be prejudiced by further
> delay in the proceedings, (4) a balancing of the court's interest in managing
> its docket with the plaintiff's interest in receiving a fair chance to be heard,
> and (5) whether the judge has adequately considered a sanction less drastic
> than dismissal.

*Jin Fang Luo*, 2019 WL 360099, at \*2 (citing *United States ex rel. Drake v. Norden*

*Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *see also Lopa v. Safeguard Props. Mgmt.*,

*LLC*, No. 14-CV-3324, 2018 WL 3019875, at \*1 (E.D.N.Y. June 18, 2018) (adopting

report and recommendation).  These factors overlap with many of the factors under a

Rule 37(b) dismissal.  "Because of the substantial overlap between the factors commonly

used to decide whether to dismiss an action under Rule 41(b) and under Rule

37(b)(2)(A), [there is] no need to repeat [the] discussion of redundant factors in detail."

*Dungan*, 2014 WL 2941240, at \*6.  The Court therefore proceeds to discuss only the

third and fourth factors in this analysis.  *See Lopa*, 2018 WL 3019875, at \*2 (dismissing

claims under Rules 16(f) and 37 and addressing the third and fourth factors of the Rule 41 analysis for the sake of completeness).[3]

As to the third factor—prejudice to defendants—courts have found dismissal to be appropriate "when a party has become completely inaccessible, as inaccessibility strongly suggests that [plaintiff] is not diligently pursuing [his] claim." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (quotations omitted). "Where a plaintiff has become inaccessible for months at a time, courts presume prejudice." *Id.*; *see, e.g., Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("[T]he very fact that Dong has been inaccessible for the last two months— without notifying the Court, the Government, or the Pro Se Office of a change of address—strongly suggests that he is not diligently pursuing this claim. Dong's totally unexplained disappearance is manifestly unreasonable and therefore presumptively prejudices the Government.") (citations omitted).

Garcia's repeated failure to attend hearings and failure to comply with Court orders has clearly prejudiced Defendants. *See, e.g., Lopa*, 2018 WL 3019875, at *2 ("Defendants' inability to collect information that would enable them to determine the viability of potential defenses and/or arrive at a view as to their potential exposure would certainly prejudice them."); *Schwed v. Gen. Elec. Co.*, 193 F.R.D. 70, 72 (N.D.N.Y.

---

[3] In the context of a dismissal for failure to prosecute, notice of court orders to plaintiff's last known address is sufficient. *See, e.g., Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) ("[T]he Court attempted to notify plaintiff of the potential dismissal of her case via its May 9 Order, which was returned to sender. Regardless of whether plaintiff actually received notice that further delays would result in dismissal, it remained her duty to [prosecute her] case diligently. It is also plaintiff's obligation to inform this Court's Pro Se office of any change of address. Plaintiff's inaccessibility for over six months is anything but diligent prosecution of her case and she has not notified the Pro Se office of any change of address.") (quotations and citations omitted).

2000) ("Because plaintiffs' chronic inaction has interfered with defendant's attempt to prepare its case, and because further delay will exacerbate these hardships, the Court concludes that defendant will indeed be prejudiced by further delay.").

As to the fourth factor—balance of interests—the Court must consider a plaintiff's due process interests against its own interest in managing the docket. *Dungan*, 2014 WL 2941240, at *6. "In deciding this factor, the Court must strike a 'balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard.' The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed." *Langdell v. Hofmann*, No. 05-CV-174, 2006 WL 3813599, at *4 (D. Vt. Dec. 27, 2006) (quoting *Drake*, 375 F.3d at 257) (citations omitted). The Court has repeatedly invested its time addressing Garcia's failures to appear and has given him several opportunities to pursue his claims. The course of conduct—or the lack thereof—in prosecuting the case therefore weighs in favor of dismissal. *See, e.g., Dungan*, 2014 WL 2941240, at *6 ("[B]alancing the Court's interest in managing its docket against plaintiff's interest in receiving a fair chance to be heard militates in favor of dismissal. It is not the duty of the Court . . . to contact plaintiffs and to urge or require them to prosecute this action. By abandoning any effort to prosecute his case, plaintiff has demonstrated that he has no interest in being heard.") (citations and quotations omitted); *see also Langdell*, 2006 WL 3813599, at *5 ("Because Langdell has made no effort over the last year to prosecute his case, it is unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket.") (citations omitted).

Therefore, in addition to dismissal under Rules 16(f) and 37(b)(2)(A)(v), Defendants' motion should be granted, and Garcia's claims should be dismissed with prejudice for failure to prosecute.

CONCLUSION

For the reasons stated above, the Court respectfully recommends that the Defendants' motion to dismiss be granted and that Garcia's claims be dismissed with prejudice for failure to abide by Court orders and failure to prosecute.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.").

Defendants shall serve a copy of this Report and Recommendation on Garcia at his last known address, and to any other electronic contact information known to them, and file proof of such service in the record within 14 days of the date of this Order.

SO ORDERED.

*/s/ Sanket J. Bulsara* July 31, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York